**\*\* E-filed February 5, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NA, | No. C10-00521 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| JOSE LOPEZ, | **REPORT AND RECOMMENDATION** |
| Defendant. | **[Re: Docket No. 2]** |
| _____/ | |

Pro se defendant Jose Lopez has removed this case for the second time along with a request to proceed in forma pauperis. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff U.S. Bank filed this unlawful detainer action on November 17, 2009 in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in July 2009. Plaintiff served defendant, who appears to be renting the property, with a ninety-day notice to vacate in August 2009, but defendant failed to deliver possession of the property. (Notice of Removal Ex. A.)

Lopez first removed this case to federal court on December 22, 2009, asserting that removal was proper based on diversity of citizenship. However, the court summarily remanded the case back to state court after determining that the amount in controversy did not exceed $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a). *U.S. Bank v. Lopez*, No. 09-05985 JF

(N.D. Cal. Jan. 20, 2010).  On this second try, Lopez now claims that removal is proper under 28 U.S.C. § 1331 because, he says, the case involves a federal question—namely, that U.S. Bank has discriminated against him in violation of federal law.  (Notice of Removal 1–2.)

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint.  28 U.S.C. § 1441.  If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand."  28 U.S.C. § 1446(c)(4) (emphasis added).  These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Federal courts have original jurisdiction over civil actions "rising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action.  *Vaden v. Discovery Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009).  Defenses and counterclaims asserting a federal question do not satisfy this requirement.  *Id.* at 1273.

Here, Lopez asserts that the action arises under federal law because the answer he filed in response to plaintiff's complaint "clearly points out [a] violation" of federal law.  (Notice of Removal 2.)  However, the assertions Lopez makes in his answer cannot provide this court with federal question jurisdiction.  The plaintiff's complaint clearly states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever.  Accordingly, Lopez has failed to show that removal is proper on account of any federal substantive law, and this court lacks subject-matter jurisdiction.

Because Lopez has yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge.  The undersigned further RECOMMENDS that the newly assigned judge (1) summarily remand the case to Santa Clara County Superior Court; and (2) deny as moot, without prejudice, defendant's application to proceed

///

in forma pauperis. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: February 5, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  **C10-00521 Notice will be electronically mailed to:**

2  Randall David Naiman     Randall@Naimanlaw.com, Krystina@Naimanlaw.com

4  **Notice will be sent by alternative means to:**

5  Jose Lopez
6  3283 Hostetter Road
   San Jose, CA 95132

8  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**